[Civ. No. 2403.   Third Appellate District.—June 21, 1922.]

## A. T. WALKER et al., Appellants, v. WILLIAM MATHEWS, Respondent.

[1] APPEAL—FAILURE TO PRESENT ARGUMENT—ABANDONMENT.—The failure of appellants to file a brief or otherwise present an argument in support of their appeal must be construed as an abandonment of the appeal, in which case the appellate court is justified in affirming the judgment.

[2] ID. — SUBMISSION OF CASE UPON RECORD. — While the respondent may, by motion on notice given, have the appeal dismissed where the appellants fail to file a brief or otherwise present an argument in support of their appeal, he is authorized to submit the case upon the record.

APPEAL from a judgment of the Superior Court of Plumas County. J. O. Moncur, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. H. Hughes for Appellants.

J. J. Henderson and M. C. Kerr for Respondent.

HART, J.—The plaintiffs brought this action to recover from the defendant certain personal property or for judgment in the sum of $700, the alleged value thereof, the complaint charging that the defendant wrongfully obtained and likewise still retains the possession of certain cooking and kitchen utensils, consisting of a range, dishes, knives, forks, "counter tools," cash register, and "all restaurant equipment formerly used in the operation of a restaurant and lunch counter," the property of plaintiffs. The defendant, by answer, denied the allegations of the complaint, and, by way of special defense, alleged that the said property belonged to him; that the plaintiffs had wrongfully deprived him of its possession and still wrongfully withhold possession thereof from him; that the property, when so wrongfully taken from his possession, was used by him in the carrying on of a restaurant, and that the wrongful acts of plaintiffs in so taking from him and detaining said property had caused him to suffer damage in the sum

of $500. He asked for a judgment restoring to him the possession of said property, or, in lieu thereof, for the sum of $700, the alleged value thereof, and for damages in the sum of $500.

It appears that the property had been in the possession of the defendant and used by him for the purpose of carrying on the restaurant business as alleged in his answer and that the plaintiffs on bringing this action in claim and delivery by the aid of the sheriff took possession of the property.

The jury by whom the cause was tried awarded a verdict to the defendant by the terms of which the plaintiffs were to return to defendant said property or pay to defendant the sum of $700, found to be the value thereof, and also awarded defendant $250 as damages. Judgment was entered accordingly.

On the twelfth day of May, 1921, the plaintiffs served and filed a notice of appeal from said judgment, and on August 21, 1921, the record on appeal was filed in this court. The appellants have filed no briefs in support of their appeal, although on November 30, 1921, they were given, by stipulation with the attorney for the defendant, until the fifteenth day of December, 1921, within which to file an opening brief, said stipulation having been committed to writing and so filed in this court. Nor did the appellants make any appearance by counsel or otherwise when the cause was regularly called for hearing and argument at the June term of this court, although due notice of the time fixed for such hearing and argument was given the attorney of record for the appellants. Therefore, when the cause was called for hearing at the time stated, the attorney for the defendant submitted the case upon the record.

[1] The failure to file a brief or otherwise present an argument in support of the appeal must be construed as an abandonment of the appeal by the appellants, in which case we are justified in affirming the judgment. [2] Counsel for the defendant could have accomplished practically the same result by a motion to dismiss the appeal on notice given. (Rule II, subdivision 4, and Rule V, Supreme and District Courts of Appeal [176 Pac. viii, ix]), but, not having

pursued this course, he was authorized to take the course adopted by him, viz., submit the case upon the record.

While, under the circumstances stated, we are not required to examine the record in search of prejudicial errors or to ascertain whether the record is free from such errors, we have done so, nevertheless, with the result that we have found no substantial ground for complaint against the manner in which the cause was tried by the court below. In other words, we have found no prejudicial error.

The judgment appealed from is accordingly affirmed.

Burnett, J., and Finch, P. J., concurred.